UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BUDGET BLINDS, INC.,** | 05-CV-388 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| **VALERIE WHITE, BUDGET BLINDS OF NJ, INC. and VAL U BLINDS, INC.,** | HON. WILLIAM J. MARTINI |
| Defendants. | |

Martin G. Gilbert
Stryker, Tams & Dill
Two Penn Plaza East
Newark, NJ 07105

    *(Attorney for Plaintiff Budget Blinds, Inc.)*

Ronald J. Nelson
Washington Valley Office Park
161 Washington Office Road
Suite 207
Warren, NJ 07059

    *(Attorney for Defendants Valerie White, Budget Blinds of NJ, Inc. and Val U Blinds, Inc.)*

**MARTINI, U.S.D.J.:**

    This matter comes before the Court on Defendants Valerie White, Budge Blinds of NJ, Inc., and Val U Blinds, Inc.'s ("White") motion to vacate default judgment. For the following reasons, White's motion is granted.

## FACTS

    Plaintiff Budget Blinds, Inc. ("BBI") is a California corporation that franchises mobile

1

window coverings to licensees who operate under the name "Budget Blinds."  BBI registered the trademark "Budget Blinds" in 1992.  Defendant Valerie White operates a window blinds business in New Jersey called "Val U Blinds, Inc."  From 1988 to 2004, she purportedly called her business "Budget Blinds."

In 2003, BBI threatened to sue White for trademark infringement over use of the name "Budget Blinds."  After some negotiation, the parties entered into a settlement agreement.  Pursuant to the agreement, White sold her rights to the name "Budget Blinds" to BBI [1]  In exchange, BBI paid White a sum of money and promised to forebear from suing her.  In addition, White agreed to change the name of her business to "Val U Blinds, Inc." and to cease advertising her business under the "Budget Blinds" name.

As part of this agreement, White also promised to change the listing of her business in three Verizon telephone books.  The agreement required White to contact Verizon and formally request that it no longer list or advertise her company under the Budget Blinds name.  White fully complied with this requirement.  In fact, the record shows that White wrote a letter to Verizon directing the company to stop listing her business as "Budget Blinds."  Despite her request, Verizon never changed the listing.  When BBI discovered that Verizon never made the change, it immediately contacted White.  In response, White contacted Verizon again by letter to request that future editions of its telephone books contain the correct listing.  White also took additional steps to avoid customer confusion.  For instance, White employed a recorded message on one of her two telephone lines that informed callers that she was not affiliated with BBI.  Furthermore,

---

[1]White claimed prior use of the name "Budget Blinds" in New Jersey dating back to 1988.

White utilized a call-forwarding service on her other telephone line that directed all calls to the recorded message.

Apparently, White's actions did not satisfy BBI. As a result, on April 1, 2005, BBI sued White in the Central District of California for trademark infringement, breach of contract and violation of California statutory law. White never responded. As a result, on October 7, 2005, BBI obtained a default judgment against White for $83,083.51. BBI then registered the judgement in this Court on November 22, 2005. White now moves to vacate the default judgment entered in the Central District of California.

## DISCUSSION

**I.     Rule 60(b)(6)**

Federal Rule of Civil Procedure 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding ... [for] any reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Courts in this circuit are instructed that, when "passing upon default judgments, Rule 60(b) should be 'given a liberal construction [and] [a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on the merits.'" *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) (quoting *Tozer v. Charles A Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). The decision whether to vacate a default judgment is committed to the sound discretion of the District Court. *See O'Donnell v. Shalayev*, 01-4721, 2004 U.S. Dist. LEXIS 25658, at *11 (D.N.J. Dec. 22, 2004) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). When determining whether to vacate a default judgement, a court should consider the following factors: (1) whether the

defendant has a meritorious defense; (2) whether culpable conduct of the defendant led to the default; and (3) whether the plaintiff will be prejudiced. *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988).

### A. Meritorious Defense

To establish a meritorious defense, White "must set forth with some specificity the grounds for [her] defense." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). White clearly met this burden. The facts establish that White fully complied with her obligations under the settlement agreement and therefore the provision staying all litigation is, most likely, still in effect.

### B. White's Culpability

To establish culpability, "more than mere negligence [must] be demonstrated." *Hirtz*, 732 F.2d at 1180. In fact, White's conduct must have been "'taken wilfully or in bad faith.'" *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1991)). This factor arguably benefits either party. On the one hand, White apparently based her decision not to answer BBI's complaint on a good faith belief that the California district court lacked personal jurisdiction over her. If this was correct, White obviously had no obligation to respond to the complaint. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1522 (9th Cir. 1983 (holding that a district court properly failed to enter default judgment against a defendant who did not appear where court lack personal jurisdiction). On the other hand, a more prudent approach would have been to appear before the district court and move to dismiss the complaint for lack of personal jurisdiction. This is especially so in the realm of personal jurisdiction, where courts often

employ amorphous tests and examine complex issues such as minimum contacts. Predicting the outcome of such questions may be difficult.[2]

**C.     Prejudice to BBI**

Regarding the third factor, the Court finds that BBI will suffer no prejudice should the Court order vacatur. The only prejudice BBI would suffer is the financial cost related to pursuing the default judgement. This is insufficient, however, to establish prejudice. *Feliciano*, 691 F.2d at 656. "Prejudice is established instead when a plaintiff's 'ability to pursue the claim has been hindered....[by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgement.'" *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 2006 U.S. App. LEXIS 6282, at *11 (3d Cir. Mar. 14, 2006) (quoting *Feliciano*, 691 F.2d at 657)). None of these circumstances is present here. Therefore, this factor clearly weighs in favor of White.

**D.     Conclusion**

Taken together, the Court finds the following: (1) White possesses an extremely meritorious defense to BBI's complaint; (2) White may have been culpable in not appearing before the district court; and (3) BBI will suffer absolutely no prejudice should the Court order vacatur. Considering these factors together, the Court concludes that vacatur is appropriate.

---

[2] The Court need not pass on whether the California district court actually possessed personal jurisdiction over White for purposes of a Rule 60(b)(6) inquiry. It is enough to know that White possessed more than a colorable argument that the district court lacked personal jurisdiction. Furthermore, this case is unlike those cases where a court refused to vacate a default judgment where a defendant failed to appear based on a litigation strategy. Here, this case tends more towards those "doubtful situations" where a district court's exercise of its discretion to order vacatur is appropriate. *See Wells v. Rockefeller*, 728 F.2d 209, 214 (3d Cir. 1984) (citing cases).

**II.     Legal Fees and Costs**

This Court has the inherent power under Rule 60(b) "to impose terms and conditions upon the opening of a judgment." *See Feliciano*, 691 F.2d at 657 (citing *Wolken v. Alladin Int'l., Inc.*, 485 F.2d 1232, 1234-35 (3d Cir. 1973) (noting that the most common condition is the awarding of attorneys' fees and costs)).  As we mentioned, a prudent attorney would have appeared before the California district court and responded to BBI's complaint.  Accordingly, the Court shall grant BBI's reasonable legal fees and costs associated with obtaining the default judgment and registering the judgment in this Court.  This includes the costs BBI incurred in drafting and filing its original complaint.  BBI shall be directed to submit an affidavit setting forth the details of the fees and costs expended within ten (10) days of entry of this Court's order.

## CONCLUSION

For the foregoing reasons, White's motion to vacate the default judgement is granted. Furthermore, BBI shall be awarded attorneys' fees and costs associated with filing its complaint, obtaining the default judgment, and registering the judgment in this Court.  An appropriate Order accompanies this opinion.


Dated: April 5, 2006                             s/ William J. Martini
                                                 **William J. Martini, U.S.D.J.**